Filed 12/30/14  P. v. McDuffie CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>RONALD EVANS MCDUFFIE,<br><br>　　Defendant and Appellant. | A141591<br><br>(San Francisco County<br>Super. Ct. No. 220631) |

Ronald Evans McDuffie appeals from a judgment imposed after revocation of his probation.  His counsel raises no issues and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was apprised of his right to file a supplemental brief but did not do so.

On October 1, 2012, in the Merced County Superior Court, defendant waived his right to a preliminary hearing and pled no contest to corporal injury on a spouse or cohabitant (Pen. Code, § 273.5(a)).  The court suspended imposition of sentence and placed defendant on probation for three years on conditions including that he serve one year in the county jail, that he not have any contact with the victim, C.T., and that he complete a 52-week certified domestic violence treatment program.

The matter was transferred to San Francisco County on July 10, 2013.  The court ordered that probation be extended to September 30, 2015.

On January 27, 2014, the district attorney filed a motion to revoke probation on the grounds that defendant was terminated from his domestic violence program on

1

December 31, 2013 because he missed four classes without an explanation and he was involved in another domestic violence incident with the same victim.

The probation revocation hearing was held on February 28, 2014. C.T. testified that on January 24, 2014, she was living with defendant in his mother's home when she got into an argument with him. C.T. pushed defendant; she thought he was about to hit her. He "grazed" the side of her head with his fist. C.T. called the police. C.T. had lived with defendant for the past six months.

The court took judicial notice of the probation report insofar as it noted defendant's termination from his domestic violence program due to having missed four classes without an explanation.

The court found by a preponderance of the evidence that defendant violated the terms of his probation by failing to complete the domestic violence counseling program, assaulting C.T., and violating the stay-away order by living with her for six months. The court reinstated defendant on probation on conditions including that he serve one year in the county jail and complete a 12-month domestic violence program.

Defendant was represented by counsel throughout the proceedings. There was no error in the sentencing. This court has reviewed the entire record and there are no meritorious issues to be argued.

The judgment is affirmed.

 

 

 

 

                                          _____

                                          Rivera, J.

We concur:


_____

Ruvolo, P.J.


_____

Reardon, J.